PicARSON-, O'. J.
 

 We presume the attention off his Honor was not called to
 
 Murray v. Windley, 7
 
 Ired. 201; Winn
 
 ingham
 
 v.
 
 Redding,
 
 6 Jones, 126, where the'point is directly decided against the defendant.- The- defendant ought, ás soon as the appeal was returned:' to the county court, to- have paid, the money, which he admitted to be due,, for principal, interest and costs, into court, and taken» a rule on the plaintiff “ to-take the money or proceed- further in the ease at has peril.”
 

 Possibly, it was in the power of the justice- of the- peace,, who tried the case, to grant such a rule on the payment of the money to him before the appeal- was taken, and at first, it occurred to ns that the ruling of his Honor, might be support
 
 *114
 
 ed on that ground, but the justice made no entry of the kind on the judgment, and the defendant went to trial on the pleas “generalissue,” “payment,” “tender and refusal,” “always ready,” and the money was not paid in by the justice until the trial term. Upon these facts and
 
 the pleaching,
 
 his Honor erred in his charge to the jury. To have availed himself of the fact that the justice had received the money before the appeal was granted, the defendant ought to have brought' it to the notice of the Court when the appeal was returned, and taken the rule on the plaintiff; or else to have obtained leave for the justice of the peace to make the entry on the judgment, and pay the money into court, so as to allow the plaintiff then “ to take the money or proceed further at his peril.” Instead of that the justice of the peace is allowed to keep the money, and the defendant relies on the plea of “ tender and refusal, always ready,” which plea can only be supported by proof that the money was tendered before the action was commenced. See the cases above cited. There is error.
 
 Venire de novo.
 
 ’
 

 Per Curiam, Judgment reversed.